**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** )<br>  )<br>*Plaintiff,*  )<br>  )<br>v.  )<br>  )<br>**BERNADETTE HERNANDEZ,** )<br>  )<br>*Defendant.*  )<br>  ) | Civil Case No. 1:18-cv-00005-AJT-IDD |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Bernadette Hernandez respectfully submits her answer and defenses to the first amended "complaint" filed by Plaintiff Strike 3 Holdings, LLC.

**Introduction**

**PARAGRAPH NO. 1:**

**This is a case about the ongoing and wholesale copyright infringement of Plaintiffs motion pictures by Defendant, who was initially known only by an IP address.**

**ANSWER:**

Denied.

**PARAGRAPH NO. 2:**

**Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff') is the owner of award winning, critically acclaimed adult motion pictures.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 2 to Plaintiff's Complaint.

1

**PARAGRAPH NO. 3:**

**Strike 3's motion pictures are distributed through the *Blacked, Tushy,* and *Vixen* adult websites and DVDs. With more than 20 million unique visitors to its websites each month, the brands are famous for redefining adult content, creating high-end, artistic, and performer-inspiring motion pictures produced with a Hollywood style budget and quality.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 3 to Plaintiff's Complaint.

**PARAGRAPH NO. 4:**

**Defendant is, in a word, stealing these works on a grand scale. Using the BitTorrent protocol, Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others. Defendant did not infringe just one or two of Strike 3's motion pictures, but has been recorded infringing 21 movies over an extended period of time.**

**ANSWER:**

Denied.

**PARAGRAPH NO. 5:**

**Although Defendant attempted to hide this theft by infringing Plaintiff's content anonymously, Defendant's Internet Service Provider ("ISP"), Verizon Online LLC ("Verizon Fios"), identified Defendant through her IP address 173.66.244.77.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 5 to Plaintiff's Complaint.

**PARAGRAPH NO. 6:**

**This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").**

**ANSWER:**

    Admitted, but denied that any copyright infringement by defendant occurred.

<p align="center"><b>Jurisdiction and Venue</b></p>

**PARAGRAPH NO. 7:**

**This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).**

**ANSWER:**

    Admitted, but denied that any copyright infringement occurred.

**PARAGRAPH NO. 8:**

**This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore: (i) Defendant committed the tortious conduct alleged in this First Amended Complaint in this State; and, (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial — and not isolated — business activity in this State.**

**ANSWER:**

    Admitted that the Defendant resides in this State and District. Otherwise denied.

**PARAGRAPH NO. 9:**

**Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District. Over 5,000 companies, along with United States federal and state law enforcement, use Maxmind's GeoIP data to locate Internet visitors, perform analytics, enforce digital rights, and efficiently route Internet traffic.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing paragraph no. 9 to Plaintiff's Complaint.

**PARAGRAPH NO. 10:**

**Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.**

**ANSWER:**

Admitted that the Defendant resides (and therefore can be found) in this District and resides in this State. Otherwise denied.

**Parties**

**PARAGRAPH NO. 11:**

**Strike 3 is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE.**

**ANSWER:**

Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 11 to Plaintiff's Complaint.

**PARAGRAPH NO. 12:**

**Defendant, Bernadette Hernandez, is an individual residing at 9042 Andromeda Drive, Burke, VA 22015.**

**ANSWER:**

Admitted.

## Factual Background

*Plaintiff's Award-Winning Copyrights*

**PARAGRAPH NO. 13:**

**Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world. Strike 3 also licenses its motion pictures to popular broadcasters and Strike 3's motion pictures are the number one selling adult DVDs in the United States.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 13 to Plaintiff's Complaint.

**PARAGRAPH NO. 14:**

**Strike 3's motion pictures and websites have won numerous awards, such as "best cinematography," "best new studio," and "adult site of the year." One of Strike 3's owners, two-time director of the year Greg Lansky, has been dubbed the adult film industry's "answer to Steven Spielberg."**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 14 to Plaintiff's Complaint.

**PARAGRAPH NO. 15:**

**Strike 3's motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 15 to Plaintiff's Complaint.

**PARAGRAPH NO. 16:**

**Unfortunately, Strike 3, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world.**

**ANSWER:**

Denied.  Defendant lacks knowledge and information sufficient to admit or deny and

therefore denies the allegations made in the foregoing Paragraph No. 16 to Plaintiff's Complaint.

*Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights*

**PARAGRAPH NO. 17:**

**BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users.**

**ANSWER:**

Denied.  Defendant lacks knowledge and information sufficient to admit or deny and

therefore denies the allegations made in the foregoing Paragraph No. 17 to Plaintiff's Complaint.

**PARAGRAPH NO. 18:**

**To use BitTorrent to download a movie, the user has to obtain a "torrent" file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing.**

**ANSWER:**

Denied.  Defendant lacks knowledge and information sufficient to admit or deny and

therefore denies the allegations made in the foregoing Paragraph No. 18 to Plaintiff's Complaint.

**PARAGRAPH NO. 19:**

**BitTorrent's popularity stems from the ability of users to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiffs motion pictures, which are often filmed in state of the art 4k}-ID, to be transferred quickly and efficiently. Moreover, BitTorrent is designed so that the more files a user offers for download to others, the faster the user's own downloads become. In this way, each user benefits from illegally distributing other's content and violating copyright laws.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 19 to Plaintiff's Complaint.

**PARAGRAPH NO. 20:**

**Each piece of a BitTorrent file is assigned a unique cryptographic hash value.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 20 to Plaintiff's Complaint.

**PARAGRAPH NO. 21:**

**The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 21 to Plaintiff's Complaint.

**PARAGRAPH NO. 22:**

**The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete the downloading of all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.**

**ANSWER:**

      Denied.  Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 22 to Plaintiff's Complaint.

**PARAGRAPH NO. 23:**

**Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.**

**ANSWER:**

      Denied.

**PARAGRAPH NO. 24:**

**Plaintiff's investigator, IPP International U.G. ("IPP") established direct TCP/IP connections with the Defendant's IP address, as outlined on Exhibit A, while Defendant was using the BitTorrent file distribution network.**

**ANSWER:**

      Denied.  Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 24 to Plaintiff's Complaint.

**PARAGRAPH NO. 25:**

**While Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing Strike 3's motion pictures listed on Exhibit A ("Works").**

**ANSWER:**

Denied.

**PARAGRAPH NO. 26:**

**A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant.**

**ANSWER:**

Denied.

**PARAGRAPH NO. 27:**

**Defendant downloaded, copied, and distributed a complete copy of Plaintiffs Works without authorization.**

**ANSWER:**

Denied.

**PARAGRAPH NO. 28:**

**At no point was Plaintiff's copyrighted content uploaded by IPP to any BitTorrent user.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 28 to Plaintiff's Complaint.

**PARAGRAPH NO. 29:**

**The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 29 to Plaintiff's Complaint.

**PARAGRAPH NO. 30:**

**Defendant's infringement is continuous and ongoing. Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing Plaintiff's motion pictures.**

**ANSWER:**

Denied.

**PARAGRAPH NO. 31:**

**Plaintiff owns the copyrights to the Works and the Works have either been registered with the United States Copyright Office or have pending copyright registrations. The United States Copyright Office registration information for the Works, including the registration number, is outlined on Exhibit A.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 31 to Plaintiff's Complaint.

**PARAGRAPH NO. 32:**

**For Plaintiff's Works that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq. The application number is listed on Exhibit A.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 32 to Plaintiff's Complaint.

**PARAGRAPH NO. 33:**

**Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C.§ 501 of the United States Copyright Act.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 33 to Plaintiff's Complaint. Defendant did not infringe.

COUNT I

Direct Copyright Infringement

**PARAGRAPH NO. 34:**

**The allegations contained in paragraphs 1-33 are hereby re-alleged as if fully set forth herein.**

**ANSWER:**

Defendant incorporates by reference all prior paragraphs of her answer.

**PARAGRAPH NO. 35:**

**Plaintiff is the owner of the Works, which is an original work of authorship.**

**ANSWER:**

Denied. Defendant lacks knowledge and information sufficient to admit or deny and therefore denies the allegations made in the foregoing Paragraph No. 35 to Plaintiff's Complaint.

**PARAGRAPH NO. 36:**

**Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.**

**ANSWER:**

    Denied.

**PARAGRAPH NO. 37:**

**At no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise.**

**ANSWER:**

    Admitted only that Defendant is not presently aware of any such consent. Otherwise denied.

**PARAGRAPH NO. 38:**

**As a result of the foregoing, Defendant violated Plaintiffs exclusive right to:**

    **(A) Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;**
    **(B) Distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;**
    **(C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and**
    **(D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).**

**ANSWER:**

    Denied.

**PARAGRAPH NO. 39:**


**Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).**

**ANSWER:**

Denied.

**WHEREFORE, Plaintiff respectfully requests that the Court:**

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Works;
(B) Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control;
(C) Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control;
(D) Award Plaintiff statutory damages per infringed work pursuant to 17 U.S.C. § 504(a) and (c);
(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and
(F) Grant Plaintiff any other and further relief this Court deems just and proper.

**ANSWER:**

Admitted only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

## DEFENSES

1. **Innocent Infringer.** To the extent Defendant is an infringer at all, any such infringement was committed by third parties using her IP address or computer system without Defendant's knowledge or consent. Defendant therefore is at worst an innocent infringer and is not liable for statutory damages.

Respectfully Submitted This 30th Day of April, 2018

By: */s/ Michael C. Whitticar*
       Counsel

>Michael C. Whitticar, Esq.
>NOVA IP Law, PLLC
>7420 Heritage Village Plaza, Suite 101
>Gainesville, VA 20155
>Tel: (571) 386-2980
>Fax: (855) 295-0740
>Email: mikew@novaiplaw.com
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th Day of April, 2018, I filed the foregoing Answer and Defenses with the Clerk of the court using the United States District court CM/ECF System and that a copy of said document will be provided to the following counsel of record via the CM/ECF System:

Jessica Haire, Esq.
Va. Bar No. 82513
Fox Rothschild LLP
1030 15th Street, NW
Suite 380E
Washington, DC 20005
Phone: 202-461-3109
Fax: 202-431-3102
*Counsel for Plaintiff*

>*/s/ Michael C. Whitticar*
>Michael C. Whitticar